IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LaMona K. Smith, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 19 CV 50314 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Department of Children & Families (Chasi), ) | |
| ) | |
| *Defendant*. ) | |

### REPORT AND RECOMMENDATION

It is this Court's Report and Recommendation that Plaintiff's complaint be dismissed without prejudice as untimely. Any objection to this Report and Recommendation must be filed by April 6, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989). Plaintiff's motion for attorney representation [4] [7] and application to proceed in forma pauperis relating to her request for an attorney [8] are denied without prejudice.

Contingent upon the Honorable Philip G. Reinhard accepting this Court's recommendation to dismiss Plaintiff's complaint, Plaintiff is granted 45 days from the date of Judge Reinhard's order to submit an amended complaint. Plaintiff's amended complaint shall be submitted in accordance with this order and the failure to submit an amended complaint by the deadline may result in summary dismissal of this lawsuit.

### STATEMENT

On November 25, 2019, *pro se* Plaintiff LaMona Smith filed a form civil rights complaint against the Department of Children & Families (Chasi) and an unknown officer,[1] alleging generally that her civil rights were violated under the Constitution and 42 U.S.C. § 1983, 1985,

---

[1] In the caption of Plaintiff's complaint, she names only "Dept of Children & Families (Chasi)." Plaintiff's Complaint at 1, Dkt. 1. In the section where Plaintiff was to identify the defendant, she named "Unknown officer & (DCFS)." *Id.* at 2. In Plaintiff's subsequent filings, her caption additionally names "Bobbi Chapman." *See, e.g.,* Plaintiff's Letter, Dkt. 6.

1

and 1986.[2] Plaintiff's claims relate to her arrest and subsequent placement of her children in the custody of the Department of Children and Family Services ("DCFS").

Plaintiff's complaint alleges that in June 2010 she went to the hospital for medical attention with her two children. According to Plaintiff, a police officer was racist, unprofessional, and inappropriate, and as a result, she attempted to go to another hospital. The police officer blocked the door, and Plaintiff pushed the officer. Plaintiff was escorted out of the building and ultimately arrested. Plaintiff's children were taken into DCFS custody. Plaintiff alleges that her civil rights were violated when three individuals lied to the courts and placed her children in the care of someone they knew was unfit, namely Bobbi Chapman.

On January 23, 2020, the Court held an initial status hearing on Plaintiff's complaint. The Court ordered Plaintiff to show cause why her complaint should not be dismissed as the claims appeared to be untimely. On February 14, 2020, Plaintiff responded to the Court's show cause order with a letter stating that at the time her children were taken into DCFS custody, she did not know her rights and had no one to help her. Plaintiff states that she "called it in & they told us to write what happened 9 yrs later." Plaintiff's Letter, Dkt. 6. Plaintiff also notes that at the time of the incident, police escorted her out of the building, and she was scared. Plaintiff's complaint is now before the Court for review in light of the show cause order.

"Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under FED. R. CIV. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service []."). Dismissal on the basis of an affirmative defense, like the statute of limitations, is appropriate if the defense is plain from the face of the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674–75 (7th Cir. 2009) (dismissing a complaint where plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness).

To overcome the facial untimeliness of her complaint, Plaintiff needs to make a showing that "there is *any* set of facts that if proven would establish a defense to the statute of limitations." *See Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (emphasis in original). In reviewing a case filed by a *pro se* plaintiff, this Court must liberally construe the complaint. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

---

[2] Plaintiff has paid the filing fee for this action.

The Court understands Plaintiff's claims to allege a denial of her constitutional rights stemming from an incident that occurred in June 2010, which ultimately led to her arrest. It is not clear from the complaint which factual assertions form the basis of Plaintiff's claims or whether Plaintiff is attempting to bring claims relating to her arrest or only relating to the custody proceedings.

To the extent Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983 related to her arrest, this claim is barred by the statute of limitations. The limitations period for a section 1983 claim in Illinois requires a plaintiff to bring suit within two years of the claim's accrual. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); 735 ILCS 5/13-202. That two-year clock begins to run on most claims related to searches and seizures at the time of the challenged events. *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("[A] Fourth Amendment claim accrues at the time of the search or seizure.").

Plaintiff was arrested in June 2010, more than nine years before she submitted her complaint in this case. Any claims Plaintiff has relating to her arrest accrued in June 2010, thereby giving Plaintiff until June 2012 to file. Accordingly, these claims are time-barred because the statute of limitations ran well before Plaintiff filed her complaint in November 2019.

If Plaintiff is bringing a section 1983 claim relating to the child custody proceedings, Plaintiff's claims accrued when she knew or should have known that her constitutional rights were allegedly violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Again, it is unclear exactly what injury Plaintiff is claiming. Regardless, the two-year limitation period for section 1983 claims would generally bar any claim Plaintiff has based on conduct occurring before November 25, 2017, two years before she filed the complaint in this case. Although the Court can assume the that child custody proceedings and ultimate adoption occurred sometime after Plaintiff's arrest in June 2010, Plaintiff has provided no indication that the custody proceedings continued through November 2017 or after. Plaintiff similarly does not give any indication that she discovered her injuries at some point outside of the limitations period or that she was otherwise missing important information necessary to bring this action earlier. *See Carr v. Illinois State Police*, No. 17 C 413, 2017 WL 5989726, at *5 (N.D. Ill. Dec. 4, 2017) ("Equitable tolling requires a plaintiff to exercise 'due diligence' in pursuing a claim, a requirement that extends to *pro se* plaintiffs."), *aff'd*, 758 F. App'x 556 (7th Cir. 2019). Although Plaintiff states in her letter to the Court that "when the Involuntary adoption happened I didn't know my rights," Plaintiff's Letter, Dkt. 6, a claim accrues when a reasonably diligent person should have discovered the injury, not necessarily when Plaintiff discovers it. *See Jamison v. Urban*, 411 F. App'x 919, 920 (7th Cir. 2011). Additionally, the statute of limitations begins to run when Plaintiff discovered she was injured, not when she determined that the injury was unlawful. *See Jamison*, 411 F. App'x at 921. Here, Plaintiff's claims are likely time-barred given that this suit was filed in November 2019. Moreover, nothing in Plaintiff's filings to date support excusing her untimely claims.

3

To the extent Plaintiff is attempting to bring a civil conspiracy claim under 42 U.S.C. § 1985 for interfering with her civil rights, Plaintiff's claim is also likely barred by the statute of limitations. Civil conspiracy claims brought in Illinois have a two-year statute of limitations. *See Azroui v. Hahs*, No. 10 C 4772, 2011 WL 3876948, at *5 (N.D. Ill. Aug. 30, 2011). A civil rights claim accrues when the plaintiff knows or should know that her constitutional rights have been violated.

It is not clear from Plaintiff's compliant which actions by Defendant, or any other individual for that matter, support her conspiracy allegations. Regardless, Plaintiff is time barred from asserting any conspiracy claims based on overt acts occurring prior to November 25, 2017. Moreover, nothing in Plaintiff's complaint or subsequent letter demonstrate that she was unable to discover the alleged conspiracy to violate her constitutional rights during the limitations period. *See Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) ("Civil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated."). Plaintiff was arrested in June 2010 and her children were taken into DCFS custody. Even though the proceedings relating to the custody of her children would have taken place after June 2010, they would likely still be well outside the two-year statute of limitations. Additionally, any claim Plaintiff may have under section 1986 fails for similar reasons. *See* 42 U.S.C. § 1986 (setting a one-year statute of limitations).

Accordingly, absent some basis for excusing compliance with the statute of limitations, which Plaintiff has not offered in response to this Court's show cause order, Plaintiff had two years from when the underlying events took place, or at least when her children were placed into the custody of the allegedly unfit individual, to file suit. However, Plaintiff has waited approximately nine years to bring this lawsuit. Therefore, Plaintiff has failed to show good cause why this Court should not dismiss her complaint as untimely. *See Turner v. M.B. Fin. Bank*, No. 14-CV-9880, 2017 WL 4390367, at *5 (N.D. Ill. Oct. 3, 2017) ("Plaintiffs' initial *pro se* status does not excuse the obligation to exercise due diligence."). Nevertheless, at this stage, Plaintiff may be able to allege a set of facts supporting a timely claim. *See Clark*, 318 F.3d at 768. Accordingly, this Court recommends dismissal of Plaintiff's compliant, subject to Plaintiff being able to file an amended complaint that lays out a timely set of facts. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 518 (7th Cir. 2015) (stating that there is a "presumption in favor of giving plaintiffs at least one opportunity to amend."); *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) ("Unless a claim is frivolous, it is rudimentary that a court cannot sua sponte enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond.") (citing *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993)).

4

For these reasons, this Court recommends that Plaintiff's complaint be dismissed without prejudice. However, this Court is also recommending that Plaintiff be given the opportunity to amend her complaint. If Plaintiff submits an amended complaint, she must specifically name every person or entity she wishes to sue. Plaintiff must also clearly identify which claims she is asserting against each defendant, describe what each defendant did to violate her rights, when they did it, and why she believes they violated her rights.

Also before the Court are Plaintiff's motion for attorney representation and application to proceed in forma pauperis relating to her request for an attorney. *See* Dkts. 4, 7–8. The Court denies Plaintiff's motions without prejudice. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on her own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter herself. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

The Court concludes that solicitation of counsel for Plaintiff is not currently warranted. Plaintiff has attempted to contact only one law firm for representation. Accordingly, the Court finds that Plaintiff has not made a reasonable attempt to obtain counsel or been effectively precluded from making such efforts. *See Wofford v. Celani*, No. 11 C 3543, 2012 WL 975499, at *1 (N.D. Ill. Mar. 22, 2012) (noting the "inherent flexibility of the reasonableness analysis," but ultimately finding that plaintiff failed to show he made a reasonable attempt to obtain counsel where he indicated he made "some effort" to obtain counsel and listed only one attorney and one law firm).

Additionally, the Court is not yet able to determine Plaintiff's ability to litigate this matter on her own. This case is early in the litigation, and Defendant has not yet appeared. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (observing that it was impossible for the district court to determine *pro se* plaintiff's ability to litigate a matter while case "was still in its infancy"); *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) (suggesting that motion for attorney representation is premature if filed "so early in the case that it was impossible to tell whether [plaintiff] could represent himself adequately"). Plaintiff states that she is on disability but does not identify any impairment that precludes her from litigating this case. Furthermore, at this stage, all the Court has asked Plaintiff to do is to provide information showing that her claims are timely. Plaintiff can readily lay out the circumstances surrounding her arrest and the custody proceedings for her children and present her claims in an amended complaint.

5

Lastly, Plaintiff has submitted a financial affidavit in relation to her request for an attorney, but she has not provided the Court with enough information to evaluate whether she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Plaintiff receives Navy disability payments in the amount of $3,307.90. Yet, it is unclear from Plaintiff's affidavit whether this amount is a monthly figure or the total amount she received in the last 12 months as the form states. Additionally, the financial affidavit form requires Plaintiff to list any amounts she owes to others. Although Plaintiff lists her vehicle, insurance, utilities, car repairs etc., she does not identify how much she is paying out of her income each month. Additionally, in her motion for an attorney, Plaintiff states that she uses all of her money for her bills. However, she also indicated her ability to retain an attorney with the assistance of a payment plan. *See* Plaintiff's Motion for Attorney Representation at 1, Dkt. 4. Accordingly, Plaintiff has not provided sufficient information for the Court to determine whether she qualifies for counsel.

Therefore, Plaintiff's request for attorney representation is denied without prejudice to renewal if Plaintiff chooses to amend her complaint. Should Plaintiff submit a renewed motion for attorney representation, she must identify additional efforts she has made to obtain counsel on her own behalf. *See Pruitt*, 503 F.3d at 654–55. Plaintiff should clearly explain why she has been unable to hire counsel. Plaintiff must discuss all reasons she believes recruiting an attorney is warranted so this Court may accurately determine her capacity to litigate this case herself.[3] Additionally, Plaintiff must submit a revised financial affidavit with substantially more information that clearly identifies all of her income and financial obligations.

For the reasons stated above, is this Court's Report and Recommendation that Plaintiff's complaint be dismissed without prejudice as untimely. Any objection to this Report and Recommendation must be filed by April 6, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989). Plaintiff's motions for attorney representation [4] [7] and application to proceed in forma pauperis relating to her request for an attorney [8] are denied without prejudice.

Contingent upon the Honorable Philip G. Reinhard accepting this Court's recommendation to dismiss Plaintiff's complaint, Plaintiff is granted 45 days from the date of Judge Reinhard's order to submit an amended complaint. Plaintiff's amended complaint shall be submitted in accordance with this order. The failure to submit an amended complaint by the deadline may result in summary dismissal of this lawsuit.

---

[3] Factors to be considered include: (1) the stage of litigation, *Romanelli*, 615 F.3d at 852; (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id*; (4) plaintiff's literacy, communication skills, education level, and litigation experience, *Pruitt*, 503 F.3d at 655; and (5) the complexity of the case, *id.* at 655–56.

      Plaintiff is directed to the District Court *Pro Se* Assistance Program. An appointment may be scheduled by calling (312) 435-5691. Additional information is available on the Court's website at www.ilnd.uscourts.gov for access to A Guide for the Pro Se Litigant (located under "Information for People without Lawyers").

Date: March 20, 2020                By:      *Lisa A. J____*
                                                  Lisa A. Jensen
                                                  United States Magistrate Judge